IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALFRED RAY ) | CASE NO. | |
| 3839 Central Avenue ) | | |
| Cleveland, Ohio 44115 ) | JUDGE: | |
| ) | | |
| Plaintiff ) | | |
| ) | | |
| v. ) | **COMPLAINT** | |
| ) | | |
| THE CITY OF CLEVELAND ) | **JURY DEMAND ENDORSED** | |
| c/o Barbara A. Langhenry, Director of Law ) | **HEREIN** | |
| 601 Lakeside Ave., Room 106 ) | | |
| Cleveland, Ohio 44114 ) | | |

Defendant

Plaintiff Alfred Ray, by and through undersigned counsel, for his Complaint against Defendant City of Cleveland, states and avers as follows:

**PARTIES**

1. Plaintiff resides in Cuyahoga County, Ohio and was at all relevant times an "employee" of Defendant as defined by the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA").

2. Defendant is a municipality located in the Northern District of Ohio and, at all relevant times, is and has been an "employer" as defined under the FMLA. Defendant employed Plaintiff in Cuyahoga County, Ohio.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and pursuant to the FMLA, 29 U.S.C. § 2617.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) as Defendant is a municipality located in Cuyahoga County, Ohio, and the causes of action alleged herein arise from Defendant's activities in Cuyahoga County, Ohio.

## ALLEGATIONS

5. Plaintiff is employed by Defendant as a truck driver.

6. Plaintiff at all relevant times was an eligible employee under the FMLA.

7. Plaintiff reported to Defendant that he needed time off work to treat a serious health condition within the meaning of the FMLA.

8. The City, through its agent/third party administrator, issued a designation notice notifying him that he was approved for 472 hours of continuous leave under the FMLA "from March 5, 2019 through May 25, 2019 [sic]."

9. The designation notice stated "[y]our employer requires that you provide a Return to Work Status Report (release to return to work) from your treating health care provider prior to your return if you have missed more than 5 days of work."

10. The designation notice did not indicate that Plaintiff's return to work certification from his treating health care provider had to specifically address his ability to perform the essential functions of his job or that the return to work certification had to be completed by a health care provider on the United States Department of Transportation's ("DOT") national registry of medical examiners, nor did the City provide Plaintiff with a list of the essential functions of his job before or with the designation notice.

11. Instead, the designation notice informed Plaintiff that he had to contact human resources to schedule an appointment with the City's Physician in order to return to work, and that

2

he had to present his treating health care provider's return to work certificate to human resources and the City's Physician at a return to work exam to be conducted by the City's Physician.

12. In April 2019 Plaintiff presented the human resources department with a return to work certificate from his treating health care provider stating that he had no work restrictions and that he was able to return to work with no restrictions on April 16, 2019.

13. The City's human resources department told Plaintiff that he had to present his treating health care provider's return to work certificate to the City's Physician at a return to work exam to be conducted by the City's Physician, and scheduled an exam for him on June 3, 2019 with the City's Physician.

14. Plaintiff went to the City's Physician on June 3, 2019 and provided his treating health care provider's return to work certificate.

15. The City's Physician did not conduct an exam on June 3, 2019.

16. Instead, the City's Physician gave Plaintiff a form to take to his treating health care provider to obtain information about his diagnosis, treatment, medication and activity restrictions, if any.

17. Plaintiff complied by going to his treating health care provider on June 4, 2019.

18. Plaintiff's treating health care provider completed the form given to Plaintiff by the City's Physician.

19. Plaintiff's treating health care provider again certified that Plaintiff could return to work with no restrictions.

20. Plaintiff returned to the City's Physician on or about June 4, 2019 and provided her with the form as completed by his treating health care provider. The City's Physician again did not

conduct an exam of Plaintiff. Plaintiff also provided the City's human resources department with a copy of the form on or about June 4, 2019.

21. By letter dated June 24, 2019 the City advised Plaintiff that the City's Physician had determined that Plaintiff was unable to meet the physical requirements of his truck driver job, and that he was not permitted to return to work until the City's Physician determined that he was released to full duty. The letter further informed Plaintiff that he had exhausted his FMLA leave as of May 25, 2019.

22. The City refused to allow Plaintiff to return to work.

23. The City's Physician never conducted an exam of Plaintiff.

24. Plaintiff has since provided the City with additional return to work certificates from various treating health care providers dated July 5, 2019, August 19, 2019, and August 20, 2019, clearing him to return to work with no restrictions.

25. Plaintiff also provided the City with a medical card issued on September 25, 2019 by a medical examiner on the United States Department of Transportation ("DOT") national registry certifying that he is qualified to drive a commercial truck.

26. The trucks driven by Plaintiff in his employment are not assigned a DOT number.

27. Plaintiff's job does not entail interstate driving.

28. Plaintiff is not required to have a DOT card under applicable state and federal law.

29. The original reason given by the City for refusing to allow Plaintiff to work was that he had to be approved to return to work by a medical examiner on the DOT national registry.

30. The FMLA provides that a return to work certificate is to be from the employee's health care provider.

31. The City's refusal to allow Plaintiff to return to work is in violation of 29 U.S.C. § 2615(a)(1), which makes it unlawful for any employer to interfere with, restrain or deny the exercise of or the attempt to exercise any right that the FMLA affords.

32. The City did not act in good faith and did not have reasonable grounds for believing that its conduct was not a violation of Title 29 U.S.C. § 2615, such that Plaintiff is entitled to additional, liquidated damages.

WHEREFORE, Plaintiff demands from Defendant the following:

(a)  Reinstatement to his job;

(b)  Monetary damages to compensate Plaintiff for lost wages and benefits, including but not limited to lost seniority and retirement benefits;

(c)  Liquidated damages as allowed by the FMLA;

(d)  An award of reasonable attorneys' fees and costs; and

(e)  Such other relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ David W. Neel*
David W. Neel (0033611)
David W. Neel, LLC
16781 Chagrin Blvd.
Shaker Heights, Ohio 44120
Telephone: (216) 522-0011
Telecopier: (844) 548-3570

*Attorney for Plaintiff Alfred Ray*

## JURY DEMAND

Plaintiff demands a trial by jury on all claims asserted in this Complaint.

*/s/ David W. Neel*
David W. Neel (0033611)

5